NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | |
|---|---|
| KENTH ROGERS,<br><br>        Plaintiff,<br><br>v.<br><br>DIRECTOR INTERNAL REVENUE BUREAU, GOVERNMENT of the VIRGIN ISLANDS,<br><br>        Defendant. | Civ. No. 14-08<br><br>**OPINION** |

THOMPSON, U.S.D.J.[1]

## INTRODUCTION

This matter comes before the Court on the Motion to Alter or Amend the Judgment or, in the Alternative, for Relief from Final Judgment brought by Plaintiff Kenth Rogers ("Plaintiff"). (ECF No. 212.) Defendant Virgin Islands Bureau of Internal Revenue ("Defendant") has not filed an opposition to the Motion. The Court has decided the Motion on the written submissions of the parties and without oral argument pursuant to Rule 78(b) of the Federal Rules of Civil Procedure. For the following reasons, Plaintiff's Motion is denied.

## BACKGROUND

This case arises from Defendant's allegedly unlawful levy for taxes and subsequent lien

---

[1] The Honorable Anne E. Thompson, U.S. District Judge for the District of New Jersey, sitting by designation.

1

against Plaintiff.[2] Plaintiff disputes the circumstances under which he owed taxes for 1994, 1999, 2003, and 2004. (Compl. ¶¶ 1–2, 26, 33, ECF No. 1.) Plaintiff filed the instant action against Defendant on March 21, 2014, primarily seeking (1) the removal of the resulting lien placed on his real property and (2) damages permitted under 26 U.S.C. §§ 7432 and 7433.

Defendant filed a Motion for Summary Judgment on January 25, 2019. (ECF No. 202.) On February 21, 2019, the Court granted Defendant's Motion for Summary Judgment for two separate reasons: (1) Plaintiff failed to exhaust his administrative remedies (Op. at 10–14); and (2) Plaintiff failed to impute any specific conduct to Defendant that would allow a reasonable jury to infer that Defendant acted intentionally, recklessly, or negligently in disregarding any provision of the tax code pursuant to §§ 7432 and 7433 (*id.* at 14–17). In response, on March 19, 2019, Plaintiff filed the instant Motion to Alter or Amend the Judgment or, in the Alternative, for Relief from Final Judgment.

## LEGAL STANDARDS

### I. Reconsideration Pursuant to Rule 59(e)

Pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, a motion for reconsideration must be based on one of three grounds: (1) an intervening change in controlling law, (2) new evidence not previously available, or (3) a clear error of law or manifest injustice. *N. River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995). Generally, a motion for reconsideration is intended "to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). "Reconsideration is an extraordinary remedy that is granted very sparingly." *Brackett v.*

---
[2] The Court reprises only those facts that are relevant for this Motion but adopts the fuller recitation of facts that appears in its February 21, 2019 Opinion accompanying the final judgment. (Op. at 2–8, ECF No. 210.)

2

*Ashcroft*, 2003 U.S. Dist. LEXIS 21312, at *2 (D.N.J. Oct. 7, 2003) (internal citations omitted); *see also* L. Civ. R. 7.1(i), cmt. 6(d). Mere disagreement with a court's decision should be raised through the appellate process and is thus inappropriate on a motion for reconsideration. *Dykeman v. New Jersey*, 393 F. App'x 841, 842–43 (3d Cir. 2010).

## II. Relief from Judgment Pursuant to Rule 60(b)

Rule 60(b) of the Federal Rules of Civil Procedure states that "the court may relieve a party . . . from a final judgment" because of mistake, inadvertence, surprise, or excusable neglect; fraud, misrepresentation, or misconduct by an opposing party; or "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(1), (3), (6). Relief from judgment under Rule 60(b)(3) requires, *inter alia*, that fraud be proven by clear and convincing evidence. *Dougboh v. Cisco Sys.*, 726 F. App'x 914, 915 (3d Cir. 2018) (citing *Brown v. Pa. R.R. Co.*, 282 F.2d 522, 527 (3d Cir. 1960)). "[A] party seeking Rule 60(b)(6) relief must demonstrate the existence of 'extraordinary circumstances' that justify reopening the judgment." *Budget Blinds, Inc. v. White*, 536 F.3d 244, 255 (3d Cir. 2008).

## DISCUSSION

Plaintiff is not entitled to an alteration or amendment of the Judgment. Plaintiff fails to present any argument or contention that would support reconsideration pursuant to Rule 59(e) or relief from judgment pursuant to Rule 60(b). Plaintiff offers two arguments: (1) the Internal Revenue Code is unconstitutional as applied to the Virgin Islands (Pl.'s Br. at 5–8, ECF No. 212), and (2) Judge Cannon, the U.S. Magistrate Judge, should have been disqualified pursuant to 28 U.S.C. § 455 (*id.* at 8–12).

As to his first argument, Plaintiff attaches numerous exhibits claiming to be his timely administrative complaint and thus contends that he did not fail to exhaust his administrative

3

remedies. (*See* Pl.'s Exs. A–C, ECF Nos. 212-1, 212-2, 212-3.) He argues that he "could not locate his administrative complaint [during summary judgment briefing] partially based upon the streamlined deadline set by the Court. The documents were located on St. Thomas, in a storage locker." (Pl.'s Br. at 2.) Plaintiff filed this action in March 2014 and thus has had years to offer these documents. But even if the Court were to accept these late documents, Plaintiff fails to address the Court's separate, alternative rationale for granting summary judgment: "The parties agree on numerous material aspects based in fact, and the assertions on which they do not agree are refuted by Plaintiff's own exhibits." (Op. at 14.) Moreover, Plaintiff fails to identify in this Motion any specific reasons as to how Defendant's application of the tax laws was unfair or unconstitutional.

As to his second argument, Plaintiff fails to recognize not only that Judge Cannon was not the judge who granted Defendant's Motion for Summary Judgment, but that Judge Cannon actually did recuse himself on January 29, 2018—a year before the Court granted Defendant's Motion for Summary Judgment (ECF No. 149). In all, Plaintiff does not advance an adequate justification for the Court to reconsider its Opinion or reopen the Judgement. Accordingly, Plaintiff's Motion is denied.

## CONCLUSION

For the reasons stated herein, Plaintiff's Motion to Alter or Amend the Judgment or, in the Alternative, for Relief from Final Judgment is denied. An appropriate order will follow.

Date: 4/23/19

ANNE E. THOMPSON, U.S.D.J.

4